**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**CHEMSICO, INC., et al., Defendants.**

No. 4:01CV00156 ERW.

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 5, 2001.

Robert W. Stewart, William M. Lawson, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for defendants.

Robert G. Johnson, Barbara A. Seely, Donna L. Harper, Gwendolyn Young Reams, Equal Employment Opportunity Commission, St. Louis, MO, for plaintiff.

### ORDER

WEBBER, District Judge.

This matter is before the Court on Defendants' Motion to Compel Discovery Responses from Plaintiff [doc. # 19]. This action was brought by Plaintiff regarding the alleged discriminatory termination of Ms. Catrice Brown on the basis of her religion. In Defendants' Motion to Compel, Defendants ask the Court to overrule Plaintiff's objections to and compel Plaintiff's response to Interrogatory Nos. 3, 12, and 23 and Request for Production Nos. 1(a), 1(gg), 1(jj), 1(tt), and 1(uu). On October 3, 2001, the Court conducted a hearing regarding Defendants' Motion to Compel. After careful consideration, the Court finds as follows:

Interrogatory No. 3 sought information concerning Ms. Brown's ability, or inability, to work prior to her date of termination from Defendant's employ. Plaintiff objected on the basis that such information was not relevant to the instant litigation. Subsequently, Plaintiff filed its First Supplemental Answers to Defendants' First Interrogatories and stated that it was not contesting any attendance points assessed against Ms. Brown other than those assessed as a result of her refusal to work on Saturday, January 30, 1999. Accordingly, Defendants concede and the Court now finds that the Motion to Compel with respect to Interrogatory No. 3 is moot.

Interrogatory No. 12 sought the identity of each and every person who has knowledge of any and all facts concerning the alleged discrimination practiced against Ms. Brown. Plaintiff objected to the extent the interrogatory requested (1) any oral or written statement made by Ms. Brown to Plaintiff's attorney, (2) the identity of persons who made written or oral statements to Plaintiff's attorney or to her agents, and (3) notes prepared by Plaintiff's attorney or her agents of oral statements made to Plaintiff's attorney or her agents by persons other than Ms. Brown. Plaintiff objected on the grounds that the interrogatory asked for information protected by the attorney-client privilege and the work product doctrine. Plaintiff's objection to the extent the interrogatory requested any oral or written statement made by Ms. Brown to Plaintiff's attorney was contained in Plaintiff's original objections. The additional objections were contained in Plaintiff's Supplemental Responses/Objections, filed with Plaintiff's Response to Defendants' Motion to Compel. The Court notes Defendants' argument that Plaintiff has waived the additional objections contained in its Supplemental Responses/Objections because they were not timely filed. Nonetheless, the Court finds the information to be protected by the attorney-client privilege. Therefore, Plaintiff's objections to Interrogatory No. 12 are sustained.

Interrogatory No. 23 sought information from January 1995 to present relating to the number of charges filed with the EEOC's St. Louis District Office, the number of charges that resulted in a reasonable or probable cause determination, the number of charges investigated by Harold Emde (the Investigator on Ms. Brown's charge of discrimination), and the number of charges investigated by Mr. Emde that resulted in reasonable or probable cause determination. Plaintiff objected on the basis that the interrogatory seeks information which is overbroad, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants argued that in the event Plaintiff attempts to introduce the EEOC Probable Cause Determination at trial, the information sought in Interrogatory No. 23 is relevant to determine if Mr. Emde's investigation was biased. At the hearing, the Court conveyed its opinion that the EEOC Probable Cause Determination would be inadmissible for jury consideration. Defendant thereupon conceded that the request was moot. Therefore, the request to compel discovery with regard to Interrogatory No. 23 is denied as moot.

Request for Production No. 1(a) sought documentation referred to in Plaintiff's Complaint and documentation which embody, refer, or relate to Plaintiff's allegations. Plaintiff objected to a number of the documents based on executive privilege (deliberative process privilege), attorney-client privilege, work product privilege, and confidentiality.

 The first group of documents objected to includes (1) a memorandum dated February 28, 2000, from Mr. Emde to file, (2) a memorandum dated August 26, 1999, from Mr. Emde to top management, and (3) a memorandum dated August 26, 1999, from Mr. Emde to file. Plaintiff objects to these documents on the basis of executive privilege. Executive privilege protects "intra-governmental documents reflecting advisory opinion, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150–51, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). The privilege is based on the policy of protecting the "decision making processes of government agencies." *Id.* The privilege does not prohibit disclosure of factual materials contained in such documents. "[M]emoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and severable from its context [is] generally [ ] available for discovery by private parties in litigation with the Government." *EPA v. Mink*, 410 U.S. 73, 87–88, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). In this discovery dispute, Defendants request the Court to conduct an *in camera* review of the documents to determine if the documents contain purely factual materials. The Court denies *in camera* review, and orders disclosure of the documents by Plaintiff to the full extent the documents contain factual materials under the protective order to be produced to the Court.

 The second group of documents requested in Request for Production No. 1(a) includes a memorandum dated February 7, 2000 prepared by Mr. Emde to file summarizing a conversation with Plaintiff's attorney.[1]

Plaintiff objected to this document on the basis of executive privilege and attorney-client privilege. The Court again orders Plaintiff to give full disclosure of all purely factual materials contained in the memorandum under the protective order to be produced to the Court.

 The third group of documents contained in Request for Production No. 1(a) sought disclosure of conciliation materials. Plaintiff objected on the basis that Section 706 of Title VII prohibits disclosure and subsequent admission into evidence of the materials. The Court notes that the admissibility of the evidence is inconsequential to the discoverability of the evidence. Accordingly, the Court orders Plaintiff to produce the conciliation materials.

 Request for Production No. 1(gg) sought production of tax returns filed by Ms. Brown for tax years 1997 through present. Plaintiff objected, stating that Plaintiff's income prior to her termination is irrelevant. The Court finds the information to be discoverable and orders Plaintiff to produce all tax returns and all supporting data for the 1996, 1997, 1998, 1999 and 2000 tax years. If such tax returns are not available, Plaintiff shall sign an authorization permitting Defendants to obtain the information from the IRS. In addition, Plaintiff shall produce a report of all income after January 1, 2001.

Request for Production No. 1(jj) requested that Plaintiff complete an authorization for the release of information, and obtain Ms. Brown's signature thereon, in order to allow Defendants to obtain information from Ms. Brown's employers or prospective employers, with respect to the diligence of her search for work, the existence of job offers, representations made to such employers with respect to Ms. Brown's ability to work Saturdays, and representations made with respect to her religion. Plaintiff objected on the grounds that the request was overbroad and an invasion of privacy. The Court orders Plaintiff to complete the requested authorization and obtain Ms. Brown's signature regarding all

---

1. Four additional documents were originally requested (see Def's Motion to Compel p. 8); however, Defendants expressed in the hearing held before this Court that only the February 7, 2000 memorandum is currently requested.

employers and prospective employers January 1, 1994.

Request for Production Nos. 1(tt) and 1(uu) sought the complete personnel file of EEOC Investigator Harold Emde and information regarding other cases investigated by Mr. Emde. As with Interrogatory No. 23 discussed above, Defendant has conceded that the request is moot.

In addition to the above, the Court orders the parties to submit, within five (5) days of this Order, a joint protective order for the Court's signature.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery Responses from Plaintiff [doc. # 19] is **GRANTED, in part**. Defendants' Motion to Compel response to Interrogatory No. 3 is **denied as moot**. Defendants' Motion to Compel response to Interrogatory No. 12 is **denied**. Defendants' Motion to Compel response to Interrogatory No. 23 is **denied as moot**. Defendants' Request for Production No. 1(a) is **granted** to the extent the documents contain purely factual materials and contain the conciliation materials. Defendants' Request for Production No. 1(gg) is **granted**. Defendants' Request for Production No. 1(jj) is **granted**. Defendants' Request for Production No. 1(tt) is **denied as moot**. Defendants' Request for Production No. 1(uu) is **denied as moot**. The parties are ordered to submit, within **five (5) days** of this Order, a joint protective order for the Court's signature.